**COMP**
MALIK W. AHMAD, ESQ.
Nevada State Bar No.: 10305
Law Office of Malik W. Ahmad
8072 W. Sahara Ave., Ste. A
Las Vegas, Nevada 89117
Tel: 702.270.9100 | Fax: 702.233.9103
Email: malik11397@aol.com
*Attorney for Plaintiff Shaheen W. Ahmad*

# UNITED STATES DISTRICT COURT

## LAS VEGAS, NEVADA

\* \* \* \* \*

| | |
|---|---|
| SHAHEEN W. AHMAD, ) | |
| ) | |
| Plaintiff, ) | Case No.: |
| ) | |
| vs. ) | Dept No.: |
| ) | |
| NEVADA ASSOCIATION SERVICES, INC., ) | |
| a Nevada corporation, ) | |
| ) | |
| Defendant. ) | **TRIAL BY JURY REQUESTED** |

## COMPLAINT

Comes now, SHAHEEN W. AHMAD, by and through her attorney of record, Malik W. Ahmad of the Law Office of Malik W. Ahmad, and hereby alleges as follows:

### I. JURISDICTION & VENUE

1.    This is an action pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 et seq., this Court has subject matter jurisdiction over this action pursuant 15 U.S.C. §1692k(d) and 28 U.S.C. §1331. In addition, the Court has subject matter jurisdiction over the state law claims pursuant to 28 U.S.C. §1367 and pursuant to N.R.S. §38.300 as this is an action in equity for injunctive relief in which

THE LAW OFFICE OF MALIK W. AHMAD
8072 W. Sahara Ave., Ste. A | Las Vegas, NV 89117
Tel: 702.270.9100 | Fax: 702.233.9103
E-Mail: Malik11397@aol.com

there is an immediate threat of irreparable harm, or an action relating to the title to residential property.

2.     This Court has personal jurisdiction over Nevada Association Services, Inc., ("Defendant NAS") because Nevada Association Services, Inc., is a corporation registered to do business in the State of Nevada, conducts substantial business in the State of Nevada, has sufficient minimum contacts in Nevada.

3.     Venue is proper in this District under 28 U.S.C. §1391(a) because a substantial part of the events or omissions giving rise to the claim occurred in Nevada, or a substantial part of property that is the subject of the action is situated in Nevada.

## II. NATURE OF THE CASE

4.     This is a case of the violations of Federal Debt Collection Practices Act.

5.     Plaintiff lives within the Home Owners Common Interest Association Community ("Home 1")[1] commonly called Shadow Mountains Ranch Association, and also lives in another home ("Home 2")[2] located within the Barrington/Monterossa Association, collectively called ("Homes") and the associations collectively called ("HOAs").

6.     Defendant NAS is a Nevada collection agency which represents HOAs in the collection of various past due obligations allegedly owed to HOAs by Plaintiff.

## III. THE PARTIES

7.     Plaintiff is resident of Las Vegas, Nevada, located in the County of Clark, State of Nevada.  Plaintiff own and live in homes located within the aforementioned HOAs.

8.     Plaintiff has received debt collection notices from Defendant, some of which are publicly recorded against them.  These notices include a Notice of Delinquent Assessment Lien

---

[1] 5567 Spruce Hill Ct, Las Vegas, Nevada 89148.
[2] 11397 Orazio Drive, Las Vegas, Nevada 89138.

THE LAW OFFICE OF MALIK W. AHMAD
8072 W. Sahara Ave., Ste. A | Las Vegas, NV 89117
Tel: 702.270.9100 | Fax: 702.233.9103
E-Mail: Malik11397@aol.com

and Notice of Default by Defendant, Trustee Sale against the Homes.  These property liens are based upon Defendant's unlawful collection fees (collectively "Letters"), which Plaintiff grudgingly paid to Defendant despite Defendant's unlawful steps and practices.

9.     Plaintiff is "consumers" as defined by the FDCPA, 15 U.S.C. §1692a(3).  Plaintiff owns "units" as defined by NRS §116.093 ("Homes").

10.    Defendant NAS is a "debt collector" as defined in the FDCPA, 15 U.S.C. §1692a(6) and has engaged in the collection of debts.

11.    In addition to collecting debts as described hereunder, Defendant NAS also assumed upon themselves the business of filing foreclosure documents concerning delinquent assessments liens of HOAs.

12.    The HOAs, namely the Barrington/Monterossa HOA and the Shadow Mountain HOA, have recorded and published their covenants, conditions and restrictions with the county recorder's office (collectively, the "CC&Rs").

13.    There is no provision in the CC&Rs which allows a third party debt collector like Defendant to impose directly upon Plaintiff any amount of collection fees or other such charges at the sole discretion of the debt collector.

### IV.  INDIVIDUAL FACTUAL ALLEGATIONS
### Shadow Mountain Ranch – Home 1

14.    Plaintiff own a home located within the Shadow Mountain Ranch HOA ("Home 1").  Thus, Plaintiff own "units" as defined by NRS §116.093.

15.    Plaintiff signed Shadow Mountain Ranch HOA's CC&RS upon purchase of these Homes and has continuously paid her HOA dues directly to their HOAs.  Such payments were only halted when the Shadow Mountain Ranch HOA stopped accepting Plaintiff's HOA dues.

/ / /

THE LAW OFFICE OF MALIK W. AHMAD
8072 W. Sahara Ave., Ste. A | Las Vegas, NV 89117
Tel: 702.270.9100 | Fax: 702.233.9103
E-Mail: Malik11397@aol.com

THE LAW OFFICE OF MALIK W. AHMAD
8072 W. Sahara Ave., Ste. A | Las Vegas, NV 89117
Tel: 702.270.9100 | Fax: 702.233.9103
E-Mail: Malik11397@aol.com

16.     The initial amount charged by the Shadow Mountain Ranch HOA for Home 1 on or about 09/30/2009 in the amount of $100.00.   This charge was for an alleged landscaping violation namely weeds in Plaintiff' yard and for oil stains in Plaintiff' driveway.   Plaintiff was never put on notice about either of these alleged violations.   Neither Plaintiff was given the opportunity to take the matter to an HOA hearing.   Plaintiff inquired about the charge and was advised that the fine was for weeds in their yard and for oil stains in their driveway.   Plaintiff removed the weeds and oil stains and immediately advised the Shadow Mountain Ranch HOA that they had cured the violations.   As such, the HOA advised that the fine would be removed since the violations had been cured in a timely manner.   However, the fine was never removed, and from 09/30/2009 to 1/27/2010, it mushroomed to $1200.00.

17.     Plaintiff already objected to this initial small amount, however, they received another contradictory letter where $443.00 was being demanded by NAS.

18.     Plaintiff received another letter on February 24, 2009 from Defendant NAS, which stated, "Thank you for the partial payment on your account referenced about.  As you know, your account remains delinquent despite your partial payment."

19.     NAS recorded a lien and the amount demanded by NAS grown to $925.00 calling it a 'balance due or debt' via their letter dated May 14, 2009. This amount included alleged late fees, collection fees and interest in the amount of $776.00. No such validation was sent to Plaintiff despite demand.

20.     NAS sent another letter on May 14, 2009 where this amount was increased to $925.00.

/ / /

/ / /

21.     Defendant sent another letter on May 28, 2009, which stated in part, "Nevada Association Services Inc., (NAS) is in receipt of your letter dated May 22, 2009. NAS has validated the debt owed to Shadow Mountain Ranch HOA".

22.     Consequently, a Notice of Delinquent Assessment Lien was filed with APN 163-30-413-060, Trustee Sale #N42737, with a total amount due of $925.00. This amount includes late fees, collection fees and interest in the amount of $776.00.

23.     However, another 'Notice of Default and Election to Sell Under Homeowners Association Lien' was filed on 08/03/11 with the amount raised finally to $2,760.50 as of August 1, 2011 and "will increase until your account becomes current".

24.     Plaintiff received a letter from Level Property Management, HOA Management Company for Shadow Mountain Ranch Association about computer/software crash and loss of the HOA account data by them in reference to their Home 1, i.e. 5567 Spruce Hills Ct, Las Vegas, Nevada, 89146.

25.     Meanwhile, Plaintiff kept on sending their monthly HOA until it was stopped and returned.

26.     Plaintiff received a Notice of Foreclosure Sale if she does not pay an amount of $3768.22 on or before the auction date on 1/13/2012, this home shall be auctioned.

## V. FACTUAL ALLEGATIONS
## Barrington Monterossa HOA – Home 2

27.     Plaintiff received a letter from Barrington Monterossa HOA on November 30, 2009 in reference to her Home 2[3], which stated delinquency of $111.00.

/ / /

---

[3] 11397 Orazio Drive, Las Vegas, NV 89138

THE LAW OFFICE OF MALIK W. AHMAD
8072 W. Sahara Ave., Ste. A | Las Vegas, NV 89117
Tel: 702.270.9100 | Fax: 702.233.9103
E-Mail: Malik11397@aol.com

28.     Plaintiff denied this balance and sent copies of her electronic statements of HOA payments to HOA, which were faxed to (702) 933-7774, the designated fax number of the HOA.

29.     Plaintiff received more letters from Barrington HOA where this amount was increased to $245.00 and then to $303.00.

30.     Plaintiff sent a dispute letter to her HOA in reference to Home 2 and requested a hearing via a fax sent on March 15, 2010 to HOA fax number (702) 933-7774.

31.     Plaintiff received another Letter from NAS on April 27, 2009 wherein they stated the acceptance of "partial payment". However, this amount kept on growing to $462.00 and subsequent on June 28, 2010 to $877.00

32.     NAS filed a 'NOTICE OF DELINQUENT ASSESSMENT LIEN' recorded on 06/01/2010 Inst# 201006010001721 wherein this amount was increased to $861.00 (different than $877.00 from previous letter #31) including "late fees, collection fees and interest in the amount of $550.00".

33.     Plaintiff disputed this inflated amount, however, Plaintiff received additional letters from NAS dated July 9, 2010 wherein NAS threatened to "proceed with a non-judicial foreclosure action which could result in you losing your property" along with additional charges of $700.

34.     A contradictory letter dated December 7, 2010 was sent to Plaintiff showing a smaller amount of $617.00. It falsely and wrongfully stated that, "this confirms your agreement to pay all delinquent assessments due on the above referenced property."

35.     NAS was blatantly wrong when it falsely and wrongfully sent Plaintiff a letter on December 7, 2010 claiming that Plaintiff signed any such payment agreement.

/ / /

THE LAW OFFICE OF MALIK W. AHMAD
8072 W. Sahara Ave., Ste. A | Las Vegas, NV 89117
Tel: 702.270.9100 | Fax: 702.233.9103
E-Mail: Malik11397@aol.com

36.     A belated hearing was scheduled in a hurry by the Board of Barrington Monterossa in reference to his Home 2 on October 14, 2010. However, her collections were already sent to NAS prior to this hearing.

37.     Meanwhile, while the amount was still disputed and not validated, Defendant had already filed a 'Notice of Default and Election to Sell Under Homeowners Association Lien' and recorded a lien with APN # 137-26-415-004 for a total amount of $1829.00".

38.     Defendant has wrongfully maintained liens and/or wrongfully filed default and foreclosure notices with county recorders' offices against Plaintiff in violation of FDCPA and state law while acknowledging partial payment in many letters sent to Plaintiff.

39.     On November 09, 2011, NAS sent Plaintiff letter showing a balance of $2146.00 inclusive many junk and unauthorized charges claiming them pursuant to her CC&Rs.

40.     While Plaintiff was sending all her monthly HOA on Home 2, she received the email from her HOA that the checks have not been forwarded to her HOA on time.

41.     The constant theme of these letters overshadowed or contradicted the prior or concurrent disclosure by NAS while at the same time payments were demanded within time period lesser than 30 days.

42.     NAS never supplied any statement which requesting validation.

43.     By NAS sending the Letters, Defendant communicated false, misleading or contradictory information to Plaintiff because the initial demand letters:

a.     stated that a Notice of Delinquent Assessment Lien ("Delinquent Lien Notice") could be recorded pursuant to Nevada Revised Statutes when there is no Nevada Revised Statute that permits the recording of such a document;

THE LAW OFFICE OF MALIK W. AHMAD
8072 W. Sahara Ave., Ste. A | Las Vegas, NV 89117
Tel: 702.270.9100 | Fax: 702.233.9103
E-Mail: Malik11397@aol.com

THE LAW OFFICE OF MALIK W. AHMAD
8072 W. Sahara Ave., Ste. A | Las Vegas, NV 89117
Tel: 702.270.9100 | Fax: 702.233.9103
E-Mail: Malik11397@aol.com

b.    stated that the alleged debt must be paid with 10 days or else Defendant would be "entitled" to record the Delinquent Lien Notice when Defendant were not so entitled because the recording of such a document was not authorized by Nevada Revised Statutes and was not permitted pursuant to the Fair Debt Collection Practices Act;

c.    stated that should Defendant record the Delinquent Lien Notice, the cost to Plaintiff would be $325.00 plus recording costs when no such costs were permitted because the recording of the document was not authorized by Nevada Revised Statutes and was not permitted pursuant to the Fair Debt Collection Practices Act;

d.    stated that a fee would be charged to "release" the Delinquent Lien Notice, when, in fact, the document was not a "lien" that needed to be or could be "released" and no such fee was, therefore, required or permitted for such a "release";

e.    stated that "Federal Law does not require NAS to wait until the end of the 30 Day Period to record the Notice of Delinquent Assessment Lien" which suggests that "Federal Law" authorized the recording of such a document when, in fact, there is no federal law which authorizes the recording of the Delinquent Lien Notice;

f.    stated that the current creditor was the "Association" when, in fact, no collection fees or costs were ever expressly charged, approved or authorized by the Associations, Barrington/Monterossa HOA or the Shadow Mountain Ranch HOA, were never incurred by said HOAs,

THE LAW OFFICE OF MALIK W. AHMAD
8072 W. Sahara Ave., Ste. A | Las Vegas, NV 89117
Tel: 702.270.9100 | Fax: 702.233.9103
E-Mail: Malik11397@aol.com

were never expressly agreed to by the Plaintiff in the CC&Rs and, thus, the HOAs were not the "creditor" of the collection fees, but only of the past due assessments;

g.　stated a particular "balance due" or "debt" was owed to the HOAs, when in fact, the "balance due" or "debt" claimed in the initial demand Letters included collection fees and costs which were never expressly charged, approved or authorized by the HOAs, were never incurred by said HOAs, were never expressly agreed by Plaintiff in the CC&Rs, and, thus, did not constitute a "debt" owed to the HOAs by the Plaintiff;

h.　they stated the alleged debt must be paid within 10 days or else the Delinquent Lien Notice would be filed and Plaintiff would be required to pay additional fees and costs. Such statements plainly undercut and overshadow the message of the 30 day debt validation notice as to mislead Plaintiff into believing they must ignore their right to take 30 days to verify their debts, and act within 10 days so as to avoid suffering the un-permitted publication of their debt to the general public and the unlawful incurrence of additional fees and costs.

i.　stated that the alleged debt must be paid within 30 days of the date of the demand Letters or else a Notice of Default would be filed and Plaintiff would be required to pay additional fees and costs.  Such statements plainly undercut and overshadowed the message of the 30 day debt validation notice so as to mislead Plaintiff into believing they must ignore their right to take 30 days to verify their debts, and act within 30 days so

as to avoid suffering the recording of a Notice of Default and the unlawful incurrence of additional fees and costs.

44.     By Defendant NAS sending these collection Letters, Defendant communicated false, misleading or contradictory information to Plaintiff.

45.     Defendant had been mixing up their HOAs dues, fines and assessment thus mushrooming to a Himalayan proportion for Plaintiff to pay to NAS notwithstanding the originally smaller amount which was disputed and was levied without any hearing conducted by HOAS and not validated.

46.     Although no law or contract creating any debt described herein expressly authorized Defendant NAS to charge directly to Plaintiff any specific collection cost or fee, neither the HOAs have ever actually authorized or expressly approved any specific collection cost or fee for Defendant to charge to Plaintiff.

47.     Historically, and in a typical lawful debt collection practice, the collection agency would charge the creditor a percentage of the debt collected, or charging the creditor an agreed flat collection fee, or charging a specific and expressly authorized collection fee amount to the debtor.

48.     In doing so, Defendant has crafted multiple categories of creative collection services so that Defendant could improperly charge to Plaintiff whatever egregious collection fees and costs Defendant' unilaterally decided creating a carte blanche and a modern day plunder.

/ / /

/ / /

/ / /

THE LAW OFFICE OF MALIK W. AHMAD
8072 W. Sahara Ave., Ste. A | Las Vegas, NV 89117
Tel: 702.270.9100 | Fax: 702.233.9103
E-Mail: Malik11397@aol.com

49.     This collection practice, which has no authorization either in law or in the contract which created the debt, is particularly outrageous because Defendant acted to cloud title to the real properties of Plaintiff by maintaining alleged liens against the properties for the unlawful collection fees.

50.     There is no provision in the Barrington/Monterossa CC&Rs and Shadow Mountain Ranch's CC&Rs which allows a third party debt collector like NAS to impose directly upon Plaintiff any amount of collection fees or other such charges at the sole discretion of the debt collector.

51.     Upon information and belief, at no time relevant hereto did both HOAs ever actually incur any collection fees transferred to Defendant for collection services.

52.     Without the prior consent of Plaintiff, on 08/03/2011, Defendant published the Delinquent Lien Notice against Plaintiff by recording it with the Clark County, Nevada, Recorder's Office thereby communicating to the general public information related to the alleged debt of Plaintiff, including Plaintiff identity.

53.     The amount due noted in both the Delinquent Lien Notices were false as they included collection fees and costs which were not properly imposed by Defendant, not expressly charged, authorized or approved by the HOAs, not actually incurred by the HOAs, not permitted by the HOAs or CC&Rs, nor authorized by law for Defendant to charge directly to Plaintiff and Plaintiff.

54.     Plaintiff never signed any payment plan agreement letters nor agreed to their terms.

55.     By Defendant NAS sending the breach letters, Defendant  communicated false, misleading or contradictory information to Plaintiff because the breach letters stated that

Plaintiff had breached the terms of "the previously agreed upon payment plan," when, in fact, Plaintiff had not signed the payment plan agreement letters

56.    In addition, regardless of the fact that Plaintiff did not sign the payment plan agreement letter and, therefore, could not have possibly breached such an agreement, Defendant charged Plaintiff $25.00 for sending the breach letters.

57.    By NAS sending the foreclosure Letters, Defendant communicated false, misleading or contradictory information to Plaintiff because the foreclosure letters:

    a.    stated that the Shadow Mountain and Monterossa/Barrington HOAs would soon proceed with a non-judicial foreclosure" when, in fact, there was no intention of "soon proceeding" with non-judicial foreclosure auctions. This is so because Defendant knew that HOAs in recent years, rarely, if ever, foreclosed their HOA Liens due to the fact that residential first mortgages exceeded the value of the real properties they encumbered;

    b.    stated that Plaintiff would be responsible for paying addition foreclosure fees, when, in fact, no such fees would be chargeable to Plaintiff because such fees were not expressly charged, authorized or approved by the Shadow Mountain and Monterossa/Barrington HOAS, not actually incurred by the HOAs, not permitted by HOAs, CC&Rs, or authorized by law for Defendant to charge directly to Plaintiff.

58.    The NODS stated, "WARNING. IF YOU FAIL TO PAY THE AMOUNT SPECIFIED IN THIS NOTICE, YOU COULD LOSE YOUR HOME."

THE LAW OFFICE OF MALIK W. AHMAD
8072 W. Sahara Ave., Ste. A | Las Vegas, NV 89117
Tel: 702.270.9100 | Fax: 702.233.9103
E-Mail: Malik11397@aol.com

THE LAW OFFICE OF MALIK W. AHMAD
8072 W. Sahara Ave., Ste. A | Las Vegas, NV 89117
Tel: 702.270.9100 | Fax: 702.233.9103
E-Mail: Malik11397@aol.com

59.   The aforementioned statement in the NODS were false because Defendant had no legal or contractual right to cause the foreclosure of their homes for the amount Defendant stated in the NODS. Therefore Plaintiff and Plaintiff could not lose their homes.

60.   The NODS were false because they stated an incorrect amount of money as being due by Plaintiff to satisfy their delinquency. The amounts were false because they included collection fees which were not properly imposed by Defendant, not expressly charged, authorized or approved by the HOAS, not actually incurred by the HOAS, not permitted by the HOAS, CC&Rs or authorized by law for Defendant to charge directly to Plaintiff.

### VI. FIRST CAUSE OF ACTION
### Violation of Fair Debt Collection Practices Act

61. The allegations of paragraphs 1 through 60 above are hereby re-alleged and incorporated herein by this reference.

62.   Defendant violated the Fair Debt Collection Practices Act by sending the form of communications represented by the Letters.

63.   By stating in the Letters that the Delinquent Lien Notice could be recorded pursuant to Nevada Revised Statutes when there is no Nevada Revised Statute that permits the recording of such a document, Defendant violated 15 U.S.C. § 1692e, 15 U.S.C. § 1692e(2), 15 U.S.C. § 1692e(5), 15 U.S.C. § 1692e(13), 15 U.S.C. § 1692f.

64.   By stating in the demand Letters that the alleged debt must be paid with 10 days or else Defendant would be "entitled" to record the Delinquent Lien Notice when Defendant were not so entitled because the recording of such a document was not authorized by Nevada Revised Statutes and was not permitted pursuant to the Fair Debt Collection Practices Act, Defendant violated 15 U.S.C. § 1692e, 15 U.S.C. § 1692e(2), 15 U.S.C. § 1692e(5), 15 U.S.C. §

1692e(13), 15 U.S.C. § 1692f.

65.   By suggesting in the demand Letters that the Delinquent Lien Notice was a lien, when, in fact, the document was not a lien, but merely a notice, Defendant violated 15 U.S.C. § 1692e, 15 U.S.C. § 1692f.

66.   By stating in the demand Letters that a fee would be charged to "release" the Delinquent Lien Notice, when, in fact, the document was not a "lien" that needed to be or could be "released" and no such fee was, therefore, required or permitted for such a "release" Defendant violated 15 U.S.C. § 1692e, 15 U.S.C. § 1692e(5), 15 U.S.C. § 1692e(13), 15 U.S.C. § 1692f.

67.   By stating in the demand Letters that "Federal Law does not require NAS to wait until the end of the 30 Day Period to record the Notice of Delinquent Assessment Lien" which suggests that "Federal Law" authorized the recording of such a document when, in fact, there is no federal law which authorizes the recording of the Delinquent Lien Notice, Defendant violated 15 U.S.C. § 1692e, 15 U.S.C. § 1692e(5), 15 U.S.C. § 1692e(13), 15 U.S.C. § 1692f.

68.   By stating in the demand Letters that the current creditor was the "Association" when, in fact, no collection fees or costs were ever expressly charged, approved or authorized by the HOAs, were never incurred by the HOAs, were never expressly agreed to by the Plaintiff in the CC&Rs and, thus, the HOAs were not the "creditor" of the collection fees, but only of the past due assessments, Defendant violated 15 U.S.C. § 1692e, 15 U.S.C. § 1692e(2), 15 U.S.C. § 1692e(5), 15 U.S.C. § 1692f, 15 U.S.C. § 1692f(1).

69.   By stating in the demand Letters that a particular "balance due" or "debt" was owed to the HOAs when, in fact, the "balance due" or "debt" claimed in the Letters included collection fees and costs which were never expressly charged, approved or authorized by the

THE LAW OFFICE OF MALIK W. AHMAD
8072 W. Sahara Ave., Ste. A | Las Vegas, NV 89117
Tel: 702.270.9100 | Fax: 702.233.9103
E-Mail: Malik11397@aol.com

HOAs, were never incurred by said HOAs, were never expressly agreed to by Plaintiff' in the CC&Rs, and, thus, did not constitute a "debt" owed.

70.     By stating in the Letters that the alleged debt must be paid within 10 days or else the Delinquent Lien Notice would be filed and the Plaintiff would be required to pay additional fees and costs, Defendant made statements which plainly undercut and overshadowed the message of the 30 day debt validation notice so as to mislead Plaintiff' into believing they must ignore their right to take 30 days to verify their debts, and act within 10 days so as to avoid suffering the unpermitted publication of their debt to the general public and the unlawful incurrence of additional fees and costs. This action violated 15 U.S.C. § 1692g.

71.     By stating in the Letters that the Delinquent Lien Notice was "the "lien" when, in fact, it was merely a notice (for example, "A copy of the lien is enclosed" and lien was recorded.") because the actual lien was created and perfected by the recording of the CC&Rs pursuant to NRS 116.3116(4) and no subsequent document is required to be recorded, Defendant violated 15 U.S.C. § 1692e, 15 U.S.C. § 1692e(2), 15 U.S.C. § 1692e(5), 15 U.S.C. § 18 1692e(13), 15 U.S.C. § 1692f.

72.     By stating in the Letters that a particular "balance due" or "debt" was owed to the HOAs when, in fact, the "balance due" or "debt" claimed in the Letters included collection fees and costs which were never expressly charged, approved or authorized by the HOAs, were never incurred by the HOAs, were never expressly agreed to by Plaintiff' in the CC&Rs, and, thus, did not constitute a "debt" owed to the HOAs, Defendant violated 15 U.S.C. § 1692e, 15 U.S.C. § 1692e(2), 15 U.S.C. § 1692f, and 15 26 U.S.C. § 1692f(1).

73.     By stating in the Letters that the alleged debt must be paid within 30 days of the date of the Letters or else a Notice of Default would be filed and the Plaintiff' would be

THE LAW OFFICE OF MALIK W. AHMAD
8072 W. Sahara Ave., Ste. A | Las Vegas, NV 89117
Tel: 702.270.9100 | Fax: 702.233.9103
E-Mail: Malik11397@aol.com

required to pay additional fees and costs, when Defendant had no such right to file a Notice of Default for the amount claimed, Defendant violated 15 U.S.C. § 1692e, 15 U.S.C. § 1692e(2), 15 U.S.C. § 1692e(4), 15 U.S.C. § 1692e(5), 15 U.S.C. § 1692f, 15 U.S.C. § 1692f(1), 15 U.S.C. § 1692f(6).

## VII. SECOND CAUSE OF ACTION
### The Shame List

74.     The allegations of paragraphs 1 through 73 above are hereby re-alleged and incorporated herein by this reference.

75.     Defendant violated the Fair Debt Collection Practices Act by recording with county recorder's offices the Delinquent Lien Notice thereby communicating to the general public information related to the alleged debts of the Plaintiff and, thus, publishing a "shame list" of debtors.

76.     Because there is no provision at law or in CC&Rs which permits the public recording or publishing of the Delinquent Lien Notices, and because the Plaintiff did not authorize such recording, Defendant violated 15 U.S.C. § 1692d(3), 15 U.S.C. § 1692c(2), and 15 U.S.C. § 1692c(2).

77.     By stating in the Delinquent Lien Notices that a particular "balance due" or "debt" was owed to the HOAs when, in fact, the "balance due" or "debt" claimed in the Delinquent Lien Notices included collection fees and costs which were never expressly charged, approved or authorized by the HOAs, were never incurred by the HOAs, were never expressly agreed to by Plaintiff' in the CC&Rs, and, thus, did not constitute a "debt" owed to the HOAs, Defendant violated 15 U.S.C. § 1692e, 15 U.S.C. § 1692e(2), 15 U.S.C. § 1692f, and 15 U.S.C. § 1692f(1).

/ / /

**THE LAW OFFICE OF MALIK W. AHMAD**
8072 W. Sahara Ave., Ste. A | Las Vegas, NV 89117
Tel: 702.270.9100 | Fax: 702.233.9103
E-Mail: Malik11397@aol.com

78.     By stating in the foreclosure Letters that the HOAs would "soon proceed with a non-judicial foreclosure" when, in fact, Defendant and the HOAs had no intention of soon proceeding with non-judicial foreclosure auctions, nor did they have a legal right to foreclosure because the amount demanded included collection fees and costs which were never expressly charged, approved or authorized by the HOAs, were never incurred by the HOAs, were never expressly agreed to by Plaintiff in the CC&Rs, and, thus, did not constitute a "debt" owed to the HOAs, Defendant violated 15 U.S.C. § 1692e, 15 U.S.C. § 1692e(2), 15 U.S.C. § 1692e(4), 15 U.S.C. § 1692e(5), 15 U.S.C. § 1692f, 15 U.S.C. § 1692f(1), and 15 U.S.C. § 1692f(6).

79.     By stating in the foreclosure letters that the Plaintiff would be responsible for paying addition foreclosure fees, when, in fact, no such fees would be chargeable to the Plaintiff because such fees were not expressly charged, authorized or approved by the HOAs, not actually incurred by the HOAs, not permitted by the CC&Rs, or authorized by law for Defendant to charge directly to the Plaintiff, Defendant violated 15 U.S.C. § 1692e, 15 U.S.C. § 1692e(2), 15 U.S.C. § 1692f, and 15 U.S.C. § 1692f(1).

80.     By stating in the foreclosure Letters that unless full payment is received by Defendant with 10 days of the date of the Foreclosure Letter, "foreclosure proceedings will commence," when, in fact, "foreclosure proceedings" had already commenced by the mailing of the Delinquent Lien Notice, Defendant violated 15 U.S.C. § 1692e, 15 U.S.C. § 1692e(2), and 15 U.S.C. § 1692f.

81.     By stating in the foreclosure Letters that due to the Plaintiff' failure to pay their debts, a "lien" was recorded against their properties when the Delinquent Lien Notice was, in fact, not a "lien," but merely a notice, Defendant violated 15 U.S.C. § 1692e, 15 U.S.C. § 1692e(2), and 15 U.S.C. § 1692f.

82.     By stating in the NODS that a particular "balance due" or "debt" was owed to the HOAs when, in fact, the "balance due" or "debt" claimed in the NODS included collection fees and costs which were never expressly charged, approved or authorized by the HOAs, were never incurred by the HOAs, were never expressly agreed to by Plaintiff in the CC&Rs, and, thus, did not constitute a "debt" owed to the HOAs, Defendant violated 15 U.S.C. § 1692e, 15 U.S.C. § 1692e(2), 15 U.S.C. § 1692f, and 15 U.S.C. § 1692f(1).

83.     By stating in the NODS that the Delinquent Lien Notice was a "lien," when in fact, it was not a "lien" but merely a "notice", Defendant violated 15 U.S.C. § 1692e, 15 U.S.C. §

85.     By stating in the NFS, "WARNING! A SALE OF YOUR PROPERTY IS IMMINENT!" and by filing the NFS with the county recorder's offices, when in fact, the aforementioned statement in the NFS was false because Defendant had no intention of ever foreclosing on the Plaintiff, nor did they have a legal right to foreclosure because the amount demanded included collection fees and costs which were never expressly charged, approved or authorized by the HOAs, were never incurred by the HOAS, were never expressly agreed to by Plaintiff in the CC&Rs, and, thus, did not constitute a "debt" owed to the HOAS, Defendant violated 15 U.S.G. § 1692e, 15 U.S.C. § x2 1692e(2), 15 U.S.C. § 1692e(4), 15 U.S.C. § 1692e(5), 15 U.S.C. § 1692f, 15 U.S.C. § 1692f(1), U and 15 U.S.C. § 1692f(6).

## VIII. THIRD CAUSE OF ACTION
### Violation of NRS 598 and 41.600 - Deceptive Trade Practices Act/Consumer Fraud

84.     The allegations of paragraphs 1 through 83 above are hereby re-alleged and incorporated herein by this reference.

85.     By all their acts as above described, Defendant have violated NRS 598, the Nevada Deceptive Trade Practices Act, including NRS §598.0915, §598.092 and §598.0923.

/ / /

86.     Defendant violated NRS 598.0915(15) by knowingly making false representations in a transaction.

87.     Defendant violated NRS 598.092(8) by misrepresenting the legal rights, obligations or remedies of a party to a transaction.

88.     As described herein, Defendant violated NRS 598.0923(2) through (4) by failing to disclose a material fact in connection with the sale or lease of goods or services, violating a state or federal statute or regulation relating to the sale or lease of goods or services, and using coercion, duress or intimidation in a transaction.

89.     Pursuant to NRS §41.600, "consumer fraud" means, a deceptive trade practice as defined in NRS 598.0915 to 598.0925.

90.     Therefore, by their actions as herein described, Defendant violated Nevada Revised Statutes §41.600 and has committed consumer fraud.

91.     As a result of Defendant's actions described herein, the Plaintiff' have suffered damages in excess of $10,000.00.

92.      As a result of Defendant' actions as herein described, Plaintiff have been forced to incur costs and fees in the prosecution of this action and have been required to hire an attorney and incur attorney fees and costs to which Plaintiff hereby make claim.

## IX. FOURTH CAUSE OF ACTION
### Declaratory Relief

93.     The allegations of paragraphs 1 through 92 above are hereby re-alleged and incorporated herein by this reference.

94.     Nevada has adopted the Uniform Declaratory Judgments Act (the "State Act").

95.     The United States adopted 28 U.S.C.A. § 2201 (the "Federal Act")

/ / /

THE LAW OFFICE OF MALIK W. AHMAD
8072 W. Sahara Ave., Ste. A | Las Vegas, NV 89117
Tel: 702.270.9100 | Fax: 702.233.9103
E-Mail: Malik11397@aol.com

THE LAW OFFICE OF MALIK W. AHMAD
8072 W. Sahara Ave., Ste. A | Las Vegas, NV 89117
Tel: 702.270.9100 | Fax: 702.233.9103
E-Mail: Malik11397@aol.com

96.     The State Act permits persons interested under a deed, written contract or other writings constituting a contract, or whose rights, status or other legal relations are affected by a statute, municipal ordinance, contract or franchise, may have determined any question of construction or validity arising under the instrument, statute, ordinance, contract or franchise and obtain a declaration of rights, status or other legal relations there under.

97.     The Federal Act permits any court of the United States, upon the filing of an appropriate pleading, to declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

98.     Plaintiff, and Defendants' rights, status and legal relations are affected by the CC&Rs, the FDCPA and Nevada Revised Statutes §598, §116 and §649.

99.     Therefore, Plaintiff seeks a declaration of rights from this Honorable Court which declares that:

a.      In construing the CC&Rs, only HOAs may impose upon the charges for past due obligations;

b.      in construing the CC&Rs, third party debt collectors such as Defendant NAS do not have the right to independently impose directly upon the Plaintiff' collection fees that are not expressly approved by the CC&Rs, charged by the HOAs, or expressly authorized by the HOAs in the Collection Contracts;

c.      In construing Nevada Revised Statutes § 116.3102(k), only HOAs are permitted to impose charges against Plaintiff for late payment of

THE LAW OFFICE OF MALIK W. AHMAD
8072 W. Sahara Ave., Ste. A | Las Vegas, NV 89117
Tel: 702.270.9100 | Fax: 702.233.9103
E-Mail: Malik11397@aol.com

assessments and third party debt collectors such as Defendant NAS do not have the right to independently impose directly upon the Plaintiff' collection fees that are not expressly approved by the HOAs, not charged by the HOAs, or not expressly authorized by the HOAs in the Collection Contracts;

d.      In construing Nevada Revised Statutes § 116.310313 only HOAs are permitted to charge the Plaintiff' reasonable fees to cover the costs of collecting any past due obligation and third party debt collectors such as Defendant. NAS do not have the right to independently impose directly upon the Plaintiff' collection fees that are not expressly approved by the HOAs, not charged by the HOAs, or not expressly authorized by the HOAs in the Collection Contracts;

e.      In construing the CC&Rs and NRS §116.3102(k) and §116.310313, a third party debt collector like Defendant NAS do not have the independent right to create and impose collection fees where the CC&Rs and statutes have delegated that authority to the HOAs;

f.      In construing Nevada Revised Statutes §116.310313, "costs of collecting" is defined as any fee, charge or cost that an association charges a unit's owner for the enforcement or collection of a past due obligation, not as any fee that a third party debt collector such as Defendant NAS wish to charge in their discretion;

g.      In construing the CC&Rs and NRS §116.3102(k) and §116.310313, a third party debt collectors, such as Defendant NAS do not have the right to

THE LAW OFFICE OF MALIK W. AHMAD
8072 W. Sahara Ave., Ste. A | Las Vegas, NV 89117
Tel: 702.270.9100 | Fax: 702.233.9103
E-Mail: Malik11397@aol.com

charge directly to the Plaintiff, at Defendant's discretion, any fee related to the collection of any amounts allegedly owed by the Plaintiff to the HOAS unless the HOAS actually incurred such collection fee or cost;

h.     In construing NRS §649.375 which states that a collection agency, or its manager, agents or employees, shall not use any device, subterfuge, pretense or deceptive means or representations to collect any debt, by their actions as herein described, Defendant have violated NRS §649.375's prohibition against using any device, subterfuge, pretense or deceptive means or representations to collect any debt;

i.     In construing NRS §649.375(:2) which states that a collection agency, or its manager, agents or employees shall not collect or attempt to collect any interest, charge, fee or expense incidental to the principal obligation unless any such interest, charge, fee or expense was authorized by law or agreed to by the parties to the debt, Defendant had no right to impose upon Plaintiff and the Plaintiff' collection fees because they were not authorized by any law and not agreed to by the parties in the contract creating the debt. Therefore, by demanding and collecting collection fees that were not expressly authorized by the agreement creating the debt or permitted by law, Defendant have violated NRS §649.375(2);

j.     In construing 15 U.S.C.A. § 1692f(1) which states that it is a violation of the Fair Debt Collection Practices Act if a debt collector collects any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the

THE LAW OFFICE OF MALIK W. AHMAD
8072 W. Sahara Ave., Ste. A | Las Vegas, NV 89117
Tel: 702.270.9100 | Fax: 702.233.9103
E-Mail: Malik11397@aol.com

agreement creating the debt or permitted by law, Defendant had no right to demand and collection fees and costs from Plaintiff and the Plaintiff' because such fees and costs were not expressly authorized by the agreement creating the debt or permitted by law. Therefore, Defendant have violated 15 U.S.C.A. § 1692f(1).

k.   In construing 15 U.S.C. § 1692e which prohibits false, deceptive or misleading representations, 15 U.S.C. § 1692e(2) which prohibits communicating a false impression of the character, amount, or legal status of the debt, 15 U.S.C. § 1692e(5) which prohibits threatening to take any action that cannot be legally taken or that is not intended to be taken, 15 U.S.C. § 1692e(13) which prohibits communicating the false impression that a document is legal process, and 15 U.S.C. § 1692f which prohibits the use of unfair or unconscionable means to collect a debt, Defendant had no right to state in their communications with Plaintiff and the Plaintiff' that the Delinquent Lien Notice was a "lien" when, in fact, it was merely a notice. The Delinquent Lien Notice, in fact, not a "lien" because the actual lien was created and perfected by the recording of the CC&Rs pursuant NRS 116.3116(4) and no subsequent document is required to be recorded, Defendant violated 15 U.S.C. § 1692e, 15 U.S.C. § 1692e(2), 15 U.S.C. § 1692e(5), 15 U.S.C. § 1692e(13), 15 U.S.C. § 1692f;

l.   In construing 15 U.S.C. § 1692e which prohibits false, deceptive or misleading representations, 15 U.S.C. § 1692e(2) which prohibits communicating a false impression of the character, amount or legal status

THE LAW OFFICE OF MALIK W. AHMAD
8072 W. Sahara Ave., Ste. A | Las Vegas, NV 89117
Tel: 702.270.9100 | Fax: 702.233.9103
E-Mail: Malik11397@aol.com

of the debt, 15 U.S.C. § 1692e(5) which prohibits threatening to take any action that cannot be legally taken or that is not intended to be taken, 15 U.S.C. § 1692e(13) which prohibits communicating the false impression that a document is legal process, and 15 U.S.C. § 1692f which prohibits the use of unfair or unconscionable means to collect a debt, Defendant had no right to state in their communications with Plaintiff that they had the right to record the Delinquent Lien Notice pursuant to Nevada Revised Statutes.  In fact, there is no Nevada Revised Statute that permits the recording of such a document. Therefore, Defendant violated 15 U.S.C. § 1692e, 15 U.S.C. § 1692e(2), 15 U.S.C. § 1692e(5), 15 U.S.C. § 1692e(13), 15 U.S.C. § 1692f.

100.    As a result of Defendant' actions as herein described, the Plaintiff have suffered damages in excess of $10,000.00.

101.    As a result of Defendant' actions as herein described, Plaintiff have been forced to incur costs and fees in the prosecution of this action and have been required to hire an attorney and incur attorney fees and costs to which Plaintiff and the Plaintiff' hereby make claim.

## X. FIFTH CAUSE OF ACTION
### Injunctive Relief

102.    The allegations of paragraphs 1 through 101 above are hereby re-alleged and incorporated herein by this reference.

103.    Pursuant to NRS §116.31162(l)(a), the mailing of the Delinquent Lien Notice is the first step in the foreclosure process of an HOA Lien.

/ / /

THE LAW OFFICE OF MALIK W. AHMAD
8072 W. Sahara Ave., Ste. A | Las Vegas, NV 89117
Tel: 702.270.9100 | Fax: 702.233.9103
E-Mail: Malik11397@aol.com

104.    Pursuant to NRS §116.31 162(i)(b), the recording and mailing of the NODS is the, second step in the foreclosure process of an HOA Lien.

105.    Further, currently, Defendant caused to mail to Plaintiff, and record in county recorders' offices the NFS against the Plaintiff.

106.    Pursuant to NRS §116.311635, the recording and mailing of the NFS is the third and final step prior to the foreclosure auction in the foreclosure process of an HOA Lien.

107.    Thus, Defendants are currently and continually engaged in commencement of foreclosure proceedings of HOA Liens against Plaintiff' Homes.

108.    Plaintiff is in danger of losing her homes to foreclosure of HOA Liens which are comprised of the improper and unauthorized collection fees, i.e., fees that were never expressly charged, approved or authorized by the HOAS, were never incurred by the HOAS, were never expressly agreed to by Plaintiff in the CC&Rs, and, thus, did not constitute a "debt" owed to the HOAS.

109.    Plaintiff seeks injunctive relief against Defendant to enjoin Defendant from the following:

      a.    instituting, maintaining, causing or assisting in the instituting of any process in furtherance of the foreclosure of Liens against Plaintiff and her Homes which are based in whole or in part on improper or unauthorized collection fees;

      b.    violating state and federal law in the demanding and collecting of the improper or unauthorized collection fees.

110.    As a result of Defendant' actions as herein described, Plaintiff and Plaintiff' have been forced to incur costs and fees in the prosecution of this action and have been required to

THE LAW OFFICE OF MALIK W. AHMAD
8072 W. Sahara Ave., Ste. A | Las Vegas, NV 89117
Tel: 702.270.9100 | Fax: 702.233.9103
E-Mail: Malik11397@aol.com

hire an attorney and incur attorney fees and costs to which Plaintiff and the Plaintiff' hereby make claim.

## XI. SIXTH CAUSE OF ACTION
## Accounting of Fines In Books And Records: Violation Of NRS 116

111.    The allegations of paragraphs 1 through 110 above are hereby re-alleged and incorporated herein by this reference.

112.    NRS 116.310315 prohibits applying payment for assessment, fee or other charges toward payment of fine.

113.    The Association (HOAs) had imposed fines against Plaintiff pursuant to NRS 116.31031.

114.    The HOAs has, in whole or in part, applied payment made by the Plaintiff ("Unit Owners") for any assessment, fee or other charges toward the payment of the outstanding balance of the fine or any costs of collecting the fine,

115.     HOAS have not sought the written authorization directing the HOAS to apply the payment made by the Plaintiff in such a manner.

> 2010 Nevada Code
> TITLE 10 PROPERTY RIGHTS AND TRANSACTIONS
> Chapter 116 Common-Interest Ownership (Uniform Act)
>
> NRS 116.310315 Accounting for fines imposed by association. [Effective October 1, 2011.]
> NRS 116.310315 Accounting for fines in books and records of association; prohibition against applying payment for assessment, fee or other charge toward payment of fine; exceptions. [Effective through September 30, 2011.] If an association has imposed a fine against a unit's owner or a tenant or an invitee of a unit's owner or a tenant pursuant to NRS 116.31031 for violations of the governing documents of the association, the association:
> 1.    Shall, in the books and records of the association, account for the fine separately from any assessment, fee or other charge; and 2. Shall not apply, in whole or in part, any payment made by the unit's owner for any assessment, fee or other charge toward the payment of the outstanding balance of the fine or any costs of collecting the fine, unless the unit's owner provides written authorization which directs the association to apply the payment made by the unit's owner in such a manner.

NRS 116.310315 Accounting for fines imposed by association. [Effective October 1, 2011.] If an association has imposed a fine against a unit's owner or a tenant or an invitee of a unit's owner or a tenant pursuant to NRS 116.31031 for violations of the governing documents of the association, the association shall establish compliance account to account for the fine, which must be separate from any account established for assessments.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, expressly reserving her right to amend this pleading at the time of, or prior to trial, prays for judgment against Defendant as follows:

A.   For general damages in excess of $10,000.00;

B.   For declaratory relief and injunctive relief as set forth herein;

C.   For reasonable attorneys' fees and costs of suit of litigation thereof as damages and under applicable statutes and/or as special damages in excess of $10,000.00;

D.   For pre and post judgment interest at the statutory rate as may be applicable;

E.   For punitive and trebled damages;

F.   The maximum amount of statutory damages provided under 15 U.S.C. § 1692k;

G.   For any further legal and equitable relief that this Honorable Court may deem just and equitable.

DATED this 20th day of December, 2011.

Respectfully Submitted,

THE LAW OFFICE OF MALIK AHMAD

  /s/ Malik W. Ahmad
MALIK W. AHMAD, ESQ.
Nevada State Bar No.: 10305
8072 W. Sahara Ave., Ste. A
Las Vegas, Nevada 89117
Tel: 702.270.9100 | Fax: 702.233.9103
Email: malik11397@aol.com
*Attorney for Plaintiff Shaheen Ahmad*

THE LAW OFFICE OF MALIK W. AHMAD
8072 W. Sahara Ave., Ste. A | Las Vegas, NV 89117
Tel: 702.270.9100 | Fax: 702.233.9103
E-Mail: Malik11397@aol.com